**Leo MITCHELL, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–3814.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided June 7, 1994.

David R. Trussell, Little Rock, AR, for appellant.

Pamela M. Wood, Dallas, TX, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Leo Mitchell filed applications with the Social Security Administration seeking disability-insurance benefits in 1990. His application for benefits was denied and, after a hearing, the ALJ[1] rendered a decision finding that Mitchell was not disabled. The Appeals Council adopted the ALJ's determination, and Mitchell sought judicial review. Both parties moved for summary judgment. The District Court[2] granted summary judgment for the government, holding that there is substantial evidence on the record as a whole to support the Secretary's decision. We affirm.

I.

At the time of the hearing before the ALJ Mr. Mitchell was 56 years old, 5′11″ tall, weighed about 135 pounds, and had past relevant work experience as a laborer. He had completed the eighth grade, and when questioned about whether he could read, he replied that he could "read a little until my

---

1. The Hon. L.D. Blair.

2. The Hon. Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Ar-

kansas, sitting by consent of the parties under 28 U.S.C. § 636(c).

eyes start hurting." His uncorrected vision is 20/100; he testified that glasses would probably help correct it. He suffers from severe high blood pressure, dizziness, clogged arteries, and blurry vision. His blood pressure, at times, has been very high, but when he takes his medication, it can be controlled. He also suffers from mild degenerative joint disease in his right wrist, but he has normal reflexes and adequate-to-normal range of motion. He has good upper and lower body strength.

Mr. Mitchell testified that he cares for himself, cooks his own food, takes walks during the day, and gets rides from his sons. Although he cannot garden extensively, he does plant a couple of tomato plants. The claimant was informed that he could have an attorney represent him if he wanted. Mr. Mitchell proceeded without counsel. Dennis Mitchell, appellant's son, corroborated Mr. Mitchell's testimony.

The ALJ found that Mr. Mitchell's impairments precluded him from the heavy strenuous work that he had done in the past, but that he retained the residual functional capacity to perform a full range of medium work. After finding Mr. Mitchell could not return to his past relevant work, the ALJ shifted the burden of proof to the Secretary, who then had to establish that a substantial number of jobs existed in the national economy which realistically suited Mr. Mitchell's abilities. The ALJ properly stated that this burden can be met by using the Medical/Vocational Guidelines. *O'Leary v. Schweiker*, 710 F.2d 1334, 1338–39 (8th Cir.1983).

## II.

■ We limit our review of the Secretary's decision to a determination whether the decision is supported by substantial evidence on the record as a whole. *Neely v. Shalala*, 997 F.2d 437 (8th Cir.1993). Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. *Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir.1992). We will not reverse a decision simply because some evidence may support the opposite conclusion. *Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir.1992).

Mr. Mitchell offers three theories. First, he argues that the ALJ failed to call a vocational expert to assess the effect of the plaintiff's non-exertional impairments on his ability to perform the full range of medium work. Second, he urges that the ALJ failed to develop the facts about his impairments fully and fairly, in light of the fact that the plaintiff was not represented by counsel. Finally, he asserts the ALJ erred by failing to apply the "worn-out worker rule." These arguments are not insubstantial, but we believe the law constrains us to disagree with them.

■ Applying the criteria set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984) (subsequent history omitted), the ALJ believed that Mr. Mitchell's pain and dizziness would keep him from doing his past heavy work. The ALJ noted that allegations of pain cannot be disregarded, but that Mr. Mitchell still has a fairly active pattern of daily living not consistent with the disabling level of dizziness and pain alleged. Although the plaintiff asserts that the dizziness, vision problems, and degenerative joint disease should have convinced the ALJ that he could not do medium work, there is adequate evidence to support the ALJ's conclusion that Mr. Mitchell could still perform a full range of moderate work. We conclude, therefore, there was no need for the ALJ to call a vocational expert to testify.

■ Mr. Mitchell also alleges that the ALJ failed to develop the record sufficiently to provide a fair hearing to an unrepresented claimant. The ALJ does have a duty to develop facts fully and fairly. This duty is enhanced when the claimant is not represented by counsel. *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir.1987). The absence of counsel, however, does not in itself deprive a claimant of a fair hearing. *Ibid.*

The ALJ obtained a consultative physical examination for Mr. Mitchell. That examination appears to be the first time Mr. Mitchell complained about his wrist, and the first time his mild degenerative joint disease was recorded. The examination provided the ALJ with a complete medical record. Mr. Mitchell argues that the ALJ should have made further inquiries about his educational level.

The ALJ asked Mr. Mitchell what level of school he had completed and whether or not he could read. Mitchell told the ALJ that he had completed the eighth grade and that he could read. The ALJ was entitled to assume that Mr. Mitchell was telling the truth, and that, although he could read only until his eyes hurt, this resulted from a lack of reading glasses. There are no inconsistencies in the record that might have alerted the ALJ that he should have pursued Mr. Mitchell's educational level further.

Finally, Mr. Mitchell argues that the ALJ should have applied the "worn-out worker rule." See 20 C.F.R. §§ 404.1562, 416.962 (1993). As we see it, however, the ALJ in effect did apply the "worn-out worker rule" when he applied the Medical/Vocational Guidelines (the Grid), 20 C.F.R. Part 404, Subpart P, App. 2, in his determination that Mr. Mitchell was not disabled. The ALJ found that Mr. Mitchell (1) could not perform his past relevant work as a laborer, (2) had the residual functional capacity to perform the full range of medium work, (3) was 56 years old, *i.e.*, advanced in age, and (4) had a limited education. These are the elements the Grid uses to determine whether a claimant is disabled, and these are the same elements Mr. Mitchell argues should be used to determine whether an individual is a worn-out worker. Therefore, this argument also fails.

Appellant informs us that he has filed a motion for relief from judgment under Fed. R.Civ.P. 60(b) in the District Court. The motion is based on newly discovered evidence that is said to show that Mr. Mitchell's educational level is only "marginal," rather than "limited." If this is true, the claimant would apparently be entitled to benefits under the "worn-out worker rule." No evidence bearing on this motion is in the record before us. We express no view on the merits of the motion, and our action today is without prejudice to the District Court's right to decide it in the first instance.

We affirm.