Leo **MITCHELL**, Appellant,

v.

Donna E. **SHALALA**, Secretary of the Department of Health and Human Services, Appellee.

No. 94–2507.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 19, 1994.

Decided Feb. 27, 1995.

David R. Trussell, Little Rock, AR, for appellant.

Pamela M. Wood, Asst. Regional Counsel, Dallas, TX, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Leo Mitchell filed a motion for relief from judgment based on a claim of new evidence discovered in 1994. Fed.R.Civ.P. 60(b)(2). The District Court entered an order denying the motion. We affirm.

## I.

This case began in 1990 when Mitchell filed applications for Disability Insurance Benefits and Supplemental Security Income. At that time, he claimed disability due to high blood pressure and degenerative joint disease. The Department of Health and Human Services denied the claim initially and after reconsideration.

In 1991, a hearing was held before an Administrative Law Judge.[1] In response to questions propounded by the ALJ, Mitchell stated that he could "read a little bit ...," and that he had an eighth-grade education. Based on Mitchell's testimony and other evidence adduced at the hearing, the ALJ concluded that Mitchell was unable to perform the heavy work he had done in the past. The ALJ found, however, that Mitchell retained the ability to perform a full range of medium work. The Appeals Council adopted the ALJ's ruling in June of 1992, making it the Secretary's final decision. The District Court[2] affirmed, granting summary judgment in favor of the Secretary on September 24, 1993.

---

1. The Hon. L.D. Blair.

2. The Hon. Henry L. Jones, Chief United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

Mitchell then filed his Rule 60(b)(2) motion for relief from the District Court's September 24 judgment. He also filed an appeal from that judgment with this Court. We considered Mitchell's arguments on appeal and affirmed the District Court's judgment, concluding that the ALJ's decision was supported by substantial evidence on the record as a whole. *Mitchell v. Shalala,* 25 F.3d 712 (8th Cir.1994). We took this action without prejudice to the District Court's opportunity to consider the new evidence and rule on Mitchell's Rule 60(b)(2) motion. The District Court did so and denied the motion. Mitchell now appeals from the District Court order denying the motion. He urges us to reverse the District Court order as an abuse of its discretion and award benefits, or in the alternative, to remand the case to the ALJ for further consideration.

## II.

■ Generally, Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances. *Atkinson v. Prudential Ins. Co.,* 43 F.3d 367 (8th Cir.1994). Relief under Rule 60(b) is within the sound discretion of the district court. *Id.* at 371. We will not disturb that Court's decision absent a clear abuse of its discretion. *Ibid.*

■ More specifically, motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor. *Dabney v. Montgomery Ward & Co.,* 692 F.2d 49, 52 (8th Cir.1982), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2429, 77 L.Ed.2d 1316 (1983). A movant may prevail on a Rule 60(b)(2) motion by showing: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. *Baxter Int'l Inc. v. Morris,* 11 F.3d 90 (8th Cir.1993). We conclude that Mitchell failed to show due diligence, and that this new evidence is unlikely to produce a different result from that previously reached by the ALJ.

The new evidence offered by Mitchell is a Psychological Screening Evaluation conduct-

ed by Arkansas Rehabilitation Services. The evaluation reflects that Mitchell "is not literate," and places "[h]is reading comprehension at the second grade level." He asserts that the evaluation indicates that his educational level is marginal, which "would mandate a conclusion that he was disabled pursuant to the 'worn out worker rule.'" See 20 C.F.R. §§ 404.1562, 416.962. He offers the following explanation for his delay in submitting the evidence: the evaluation did not exist at the time of the administrative hearing; he was not represented by counsel at the hearing; and he was unable to recognize the need to present evidence with regard to his literacy or education level.

■ In denying Mitchell's motion, the District Court concluded that Mitchell was not diligent in presenting the evidence and expressed a belief that the evaluation was not credible. We agree. Like the District Court, we are not persuaded by Mitchell's claim that the delay is due to the fact that he was not represented by counsel. It is true that Mitchell was unrepresented at the hearing, but he retained counsel within 12 days of the Appeals Council's decision. Yet, the evaluation was not obtained until after the District Court decision over a year and a half later. Thus, the administrative record went unsupplemented for over a year after it was adopted by the Appeals Council, and after it was found to be sufficient by the District Court. On these facts, we conclude that Mitchell failed to demonstrate due diligence to obtain and present evidence of his illiteracy.

■ Further, we are not convinced that the psychological screening, when considered with the evidence before the ALJ, would have changed the outcome of this case. We find it significant that Mitchell did not raise illiteracy as a disabling factor in his applications for benefits, nor as a basis for disability at his hearing. See *Sullins v. Shalala,* 25 F.3d 601, 604 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995). We also attach significance to Mitchell's testimony that he was able to read "a little bit...." Such a statement by a man who is presumed to know his own abilities

militates against crediting a psychological screening indicating otherwise. Even if we gave Mitchell's new evidence the same weight as evidence in the hearing record, the ALJ's final decision remains supported by substantial evidence in the record as a whole. See *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). A finding that a claimant has the ability to read and write only very simple messages may preclude an award of disability benefits. See *Starks v. Bowen,* 873 F.2d 187, 190 (8th Cir.1989). In sum, consideration of this new evidence is unlikely to produce the favorable result Mitchell seeks. Thus, we find no abuse of discretion by the District Court.

### III.

■ In the alternative, Mitchell urges us to remand his case to the ALJ for reconsideration in light of the new evidence. We are precluded from doing so. We may order the Secretary to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence in the record in a prior proceeding." 42 U.S.C. § 405(g). Mitchell fails to make such a showing, for reasons we have already explained.

In addition, the ALJ asked Mitchell if he could read. Mitchell stated that he could, leading the ALJ to believe that there was no need for further inquiry. *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir.1993); *cf. Battles v. Shalala,* 36 F.3d 43 (8th Cir.1994) (the ALJ has an obligation to investigate a claim not presented in the application for benefits when testimony at the hearing places him on notice of the need for further inquiry). Today, Mitchell offers no explanation for failing to inform the ALJ at that point that he could not read.

We hold that the District Court did not abuse its discretion in holding that good cause for a remand had not been shown.

Affirmed.