78 F.3d 588
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mary Jane DUCHENE, Natural Guardian, Heir and Sole Issue of
Jane D. Duchene, Deceased, Appellant,
v.
John PLUNKETT, Dakota County Coroner; James Backstrom,
Dakota County Attorney, Appellee.
 Nos. 95-2376, 95-2799.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 15, 1996.
Filed Feb. 29, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, Mary Jane Duchene appeals the District Court's[1] judgment in favor of defendants in her 42 U.S.C. § 1983 (1988) action, and its order striking without prejudice two motions filed after she had appealed the dismissal to this court. We affirm.
 
 
 2
 In November 1986, Duchene's mother died at the Wedgewood nursing facility in Dakota County, Minnesota. Even though the certificate of death stated that the cause of her mother's death was metastatic lung cancer, Duchene has maintained throughout numerous legal proceedings that her mother's treating physician and others murdered her mother by withdrawing her prescription for insulin. Duchene commenced this action in May 1994 as the "natural guardian, heir and sole issue of Jane D. Duchene, deceased," against Dakota County Coroner John Plunkett and County Attorney James Backstrom. The gravamen of her complaint was that Plunkett and Backstrom covered up the circumstances of her mother's death by failing to conduct an adequate investigation or to prosecute her mother's murderers.
 
 
 3
 The District Court concluded that collateral estoppel barred Duchene's claims and dismissed the case with prejudice. Subsequently, the District Court ordered stricken Duchene's post-judgment motions, concluding it lacked jurisdiction to rule on them after Duchene had filed her notice of appeal. Duchene's appeals from these two orders were consolidated.
 
 
 4
 Because a prior state court decision receives the same preclusive effect in federal court as it would receive in state court, Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also 28 U.S.C. § 1738 (1994), Minnesota law determines whether Duchene's claims are barred under either claim or issue preclusion, see Charchenko v. City of Stillwater, 47 F.3d 981, 984 (8th Cir.1995). Without deciding whether Duchene's complaint even stated cognizable § 1983 claims, we conclude that the doctrine of issue preclusion (or collateral estoppel) barred her claims. See Mandich v. Watters, 970 F.2d 462, 465 (8th Cir.1992) (elements of collateral estoppel under Minnesota law). Duchene's central assertion--that the treatment her mother received from her physician and others caused her mother's death--was resolved against Duchene in a 1988 Minnesota state court action against the physician and the nursing home. See Duchene v. Wedgewood Health Care Ctr., No. C5-88-9061, Findings of Fact, Conclusions of Law, Order for Judgment, and Memorandum (Dakota County, Minn. D. Ct. Feb. 1, 1990). As Duchene cannot relitigate this issue, she cannot prevail on her claims against defendants.
 
 
 5
 Although Duchene's post-judgment motions arguably could have been considered by the District Court pursuant to Federal Rule of Civil Procedure 60(b), see Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1073 (8th Cir.1991), her motions did not address the grounds upon which the District Court had granted summary judgment, and thus would not have produced a different result. See Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir.1995).
 
 
 6
 Accordingly, we affirm. We also deny Duchene's post-appeal "motion for review of state court record de novo."
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota