# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 95-4022

———————

Fru-Con Construction    *
Corporation,    *
   *
      Appellee,    *
   *   Appeal from the United States
     v.    *   District Court for the
   *   Eastern District of Missouri.
Thomas J. Wiens; John    *
Silvia, Jr.,    *        **[UNPUBLISHED]**
   *
      Appellants.    *

———————

Submitted: February 20, 1997

Filed: March 10, 1997

———————

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Fru-Con Construction Corporation filed a complaint alleging that Thomas Wiens and John Silvia as guarantors had defaulted on a promissory note. To settle that claim, Wiens and Silvia executed consent judgments, and Fru-Con agreed it would not file the judgments if other settlement payments were timely made. After defaults in those payments, the district court entered final judgments in accordance with the consent judgments. Wiens and Silvia now appeal a subsequent order denying their Fed. R. Civ. P. 60(b) motion to set aside the judgments. We affirm.

The district court has discretion to grant extraordinary relief under Rule 60(b) upon a showing of "exceptional

circumstances."  See Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir. 1995).  We conclude that the court did not abuse its

discretion in denying defendants' motion without an evidentiary hearing, because Wiens and Silvia presented no evidence that compliance with the earlier settlement agreements made entry of the consent judgments improper, other than their conclusory assertions that Fru-Con was paid in full. <u>See</u> <u>Printed Media Servs., Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 842 (8th Cir. 1993) (standard of review). We reject their challenge to the underlying final judgments because a Rule 60(b) motion may not substitute for direct appeal. <u>See</u> <u>Spinar v. South Dakota Bd. of Regents</u>, 796 F.2d 1060, 1062-63 (8th Cir. 1986).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.