108 F.3d 1381
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
FRU-CON CONSTRUCTION CORPORATION, Appellee,
v.
Thomas J. WIENS; John Silvia, Jr., Appellants.
 No. 95-4022.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 20, 1997.
Decided March 10, 1997.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fru-Con Construction Corporation filed a complaint alleging that Thomas Wiens and John Silvia as guarantors had defaulted on a promissory note. To settle that claim, Wiens and Silvia executed consent judgments, and Fru-Con agreed it would not file the judgments if other settlement payments were timely made. After defaults in those payments, the district court entered final judgments in accordance with the consent judgments. Wiens and Silvia now appeal a subsequent order denying their Fed.R.Civ.P. 60(b) motion to set aside the judgments. We affirm.
 
 
 2
 The district court has discretion to grant extraordinary relief under Rule 60(b) upon a showing of "exceptional circumstances." See Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir.1995). We conclude that the court did not abuse its discretion in denying defendants' motion without an evidentiary hearing, because Wiens and Silvia presented no evidence that compliance with the earlier settlement agreements made entry of the consent judgments improper, other than their conclusory assertions that Fru-Con was paid in full. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 842 (8th Cir.1993) (standard of review). We reject their challenge to the underlying final judgments because a Rule 60(b) motion may not substitute for direct appeal. See Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062-63 (8th Cir.1986).
 
 
 3
 Accordingly, we affirm.