**James MARSH, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Security, Defendant.**

**No. CIV. 97–1133 (MJD/AJB).**

United States District Court, D. Minnesota.

July 29, 1998.

Lionel H. Peabody, Duluth, MN, for Plaintiff.

Roylene A. Champeaux, Assistant U.S. Attorney, Minneapolis, MN, for Defendant.

**ORDER**

DAVIS, District Judge.

This matter is before the Court upon Defendant's objections to United States Magistrate Judge Boylan's Report and Recommendation dated May 18, 1998. Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments of the parties, the

Court ADOPTS the Report and Recommendation. Therefore, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [Docket No. 8] is DENIED.

2. Defendant's motion for summary judgment [Docket No. 13] is DENIED.

3. Plaintiff's motion for remand [Docket No. 15] is DENIED.

4. This matter is remanded to the Defendant for consideration of additional evidence consistent with this report and recommendation.

### REPORT AND RECOMMENDATION

BOYLAN, United States Magistrate Judge.

Defendant partially granted and partially denied plaintiff James Marsh's application for Social Security benefits. Plaintiff filed a complaint seeking review of the denial of benefits on May 6, 1997. The action is now before the Court on cross-motions for summary judgment [Docket Nos. 8 and 13]. Plaintiff has also filed a subsequent ex parte motion for remand for consideration of new and material evidence [Docket No. 15]. This Court has jurisdiction of the matter pursuant to 42 U.S.C. § 405(g), and it is properly before the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons stated in the following discussion, this Court recommends denying plaintiff's motion for summary judgment seeking reversal of the denial of benefits [Docket No. 8], denying defendant's motion for summary judgment [Docket No. 13], and denying plaintiff's subsequent ex parte motion for remand [Docket No. 15]. The Court recommends remand for further proceedings and review based upon the full record before the Appeals Council pursuant to 42 U.S.C. § 405(g).

### PROCEDURAL BACKGROUND

The application for Social Security disability benefits which is now before the Court was protectively filed by plaintiff on September 14, 1993. Plaintiff sought benefits under Title II and Part A of Title XVIII of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d). He alleged disability commencing May 20, 1991. The asserted disability is based upon degenerative disc and joint disease of the lumbar spine. Plaintiff filed previous applications for disability insurance benefits and supplement security income benefits on January 30, 1992. Those applications were denied initially and in the findings of Administrative Law Judge Joyce Harrington Smith in a decision dated March 26, 1993.

The Social Security Administration denied plaintiff's application in this case by notice dated February 23, 1994. A timely request for reconsideration was submitted on March 21, 1994, and the previous denial of benefits was reaffirmed in notice to the claimant dated May 9, 1994. Mr. Marsh requested hearing by an administrative law judge on July 7, 1994. Hearing was held before Administrative Law Judge Jerome J. Berkowitz on November 28, 1994. Plaintiff appeared personally, testified on his own behalf, and was represented by counsel. Dr. Andrew H. Steiner, M.D., appeared and testified as a medical expert. Mr. Edward M. Utities appeared and testified as an independent vocational expert. The ALJ issued his findings and decision partially favorable to the claimant on October 25, 1995. The ALJ decision was favorable to the plaintiff to the extent that the prior application was re-opened and the claimant was determined to have been under a disability since May 20, 1991. However, he was also found to have experienced medical improvement and to have regained the ability to perform work commencing June 1, 1994. Upon request for review of the ALJ's findings, such review was denied and the decision was affirmed by the Appeals Council in notice dated March 7, 1997, citing consideration of evidence produced after the hearing. Meanwhile, the claimant again filed for Social Security benefits and on initial application was determined to have been disabled as a result of low back pain and depression since October 26, 1995. The date of disability onset was specifically cited as the date of the ALJ decision in this case.[1]

---

1. Notice to the claimant is dated February 20, 1998. The notice stated, "... the evidence shows: that you are disabled by your condition. However, we are unable to change a judge's decision. Therefore, we are finding you disabled as of the day after that decision." (Attachment, Plaintiff's Memorandum in Support of Remand).

Through his commencement of this District Court action plaintiff was seeking to obtain an open ended continuation of benefits beyond the May 30, 1994, cut-off date. The Social Security Administration's retroactive finding of disability limits the effective coverage period for which benefits are being denied to the interval between May 30, 1994, and October 26, 1995. Plaintiff alleges that the ALJ's finding of an improvement in physical condition on May 30, 1994, is not supported by substantial evidence in the record as a whole. Plaintiff further contends that the more recent SSA allowance of disability benefits commencing October 26, 1995, is arbitrary and justifies remand for redetermination of disability onset date. In effect, the current SSA designated period of non-disability is being attacked from both fronts.

**Evaluation Process.** Upon applying his factual determinations to the evaluation sequence required by Social Security Administration regulations, (Tr. 20–21), the ALJ concluded that: (1) the claimant was not engaged in substantial gainful activity throughout the period of time for which he seeks benefits; (2) the claimant does have a severe impairment which significantly limits his ability to perform work related functions; (3) the claimant's physical impairment was medically equal to Listing 1.05C of Appendix 1, Subpart P, Regulations No. 4 and was therefore among those conditions which would allow a finding of entitlement to benefits without regard to age, educational or vocational factors for the period between May 20, 1991, and May 31, 1994. Medical improvement in his condition resulted in plaintiff regaining the ability to perform work related activities beginning June 1, 1994; and (4) the claimant was able to return to his past relevant employment as a retail sales manager. The ALJ noted that additional jobs which plaintiff could perform had been identified by the vocational expert, (Tr. 19), but no specific finding was necessary or was made with regard to step five in the sequential analysis. Disability benefits were partially granted and partially denied on the basis of these conclusions and the Social Security Administration Appeals Council denied a request for further review by notice dated March 7, 1997. The denial of review made the ALJ's findings the final decision of the defendant. 42 U.S.C. § 405(g); *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992); 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of defendant's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir.1992). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Murphy*, 953 F.2d at 384. Where such evidence exists, a court is required to affirm defendant's factual findings. *Turpin v. Bowen*, 813 F.2d 165, 169 (8th Cir.1987).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993). The Court must consider both evidence that supports and evidence that detracts from defendant's decision. *Murphy*, 953 F.2d at 384. The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir.1994). The Court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir.1994).

The Court is required to review the administrative record as a whole and to consider:

1. The credibility findings made by the ALJ;

2. The education, background, work history, and age of the plaintiff;

3. The medical evidence provided by treating and consulting physicians;

4. The plaintiff's subjective complaints and descriptions of pain, impairment, and physical activity;

5. Any corroboration of plaintiff's impairments by third parties; and

6. The testimony of vocational experts based upon proper hypothetical questions setting forth plaintiff's impairments.

*Cruse v. Bowen,* 867 F.2d 1183 (8th Cir.1989) (citing *Brand v. Secretary of HEW,* 623 F.2d 523, 527 (8th Cir.1980)).

## DISCUSSION

"The Social Security program provides benefits to people who are aged, blind, or who suffer from a physical or mental disability." 42 U.S.C. § 1382(a); *Locher v. Sullivan,* 968 F.2d 725, 727 (8th Cir.1992). The plaintiff in this case claims physical disabilities relating to a degenerative condition of his lower back. Disability means the claimant is unable to work by reason of "medically determinable" physical impairment or impairments. 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the plaintiff not only cannot do the work he or she did before, but also cannot do other reasonably related work. 42 U.S.C. § 423(d)(2)(A). The impairment must last for twelve months or be expected to result in death. 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration has adopted regulations establishing a five-step procedure for determining whether a claimant is "disabled" within the meaning of the Social Security Act. 20 C.F.R. § 404.1520. The first question is whether the claimant is presently engaged in substantially gainful activity. A person who is working in a substantially gainful activity is not disabled and will not be entitled to benefits regardless of medical condition or age, education, and work experience. 20 C.F.R. § 404.1520(b). In the present case the ALJ found that Mr. Marsh had not engaged in substantial gainful employment during the time for which he was seeking benefits, commencing May 20, 1991, to the date of hearing. (Tr. 20). The ALJ's finding is not disputed and the claim is not barred from the outset.

The second step in the evaluation process requires the ALJ to consider whether the claimant has a severe impairment which significantly limits the ability to do basic work activities. 20 C.F.R. § 404.1520(c). The ALJ here determined that medical evidence establishes that claimant suffered from severe degenerative disc disease of the lumbar spine resulting in several surgeries and post-surgical infection. (Tr. 20). The evidence was considered sufficient to show existence of severe impairment and thereby satisfy the step two requirement of 20 C.F.R. § 404.1520. The ALJ's finding in this regard is not disputed and the claim is therefore not precluded at this stage.

Step three requires that the ALJ determine whether the claimed impairment(s) meets or equals an impairment listed and described in Part 404; Subpart P, Appendix 1 of the regulations. If the claimant suffers from a listed impairment he will be found disabled without regard to age, education, or work experience. 20 C.F.R. § 404.1520(d). The ALJ found that plaintiff's back condition did meet an Appendix 1 Listing until May 31, 1994.[2] Effective June 1, 1994, the condition had improved such that a Listing was no longer met and plaintiff was able to perform substantial gainful work. (Tr. 20). The claimant agrees with the finding that he met a Listing on May 20, 1991, but disagrees with the finding that he experienced sufficient medical improvement to allow him to perform work. The ALJ's conclusion at this step was a disability determination partially favorable to the claimant. The finding of medical improvement does not prevent the plaintiff from receiving benefits after May 31, 1994, but also does not end the review. Step four compels determination of whether the plaintiff's impairment prevents him from doing past relevant work. 20 C.F.R. § 404.1520(e). The ALJ must examine the medical facts, the claimant's residual functional capacity, and the physical demands of past work experiences. A claimant who is considered able to perform the same kind of work will not be found to be disabled. The ALJ concluded that Mr. Marsh has the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds occasionally and 10 pounds frequently, sitting/standing/walking for more than approximately 45 minutes at a time and repetitive bending squatting, and climbing. (Tr. 20). The ALJ determined

---

**2.** The finding is contrary to the previous decision of Administrative Law Judge Joyce Harrington Smith, dated March 26, 1993. The earlier Title II application was reopened pursuant to 20 C.F.R. § 404.989(a)(3), whereby a determination may be reopened when the evidence clearly shows that an error was made. (Tr. 17).

that Mr. Marsh's impairments would not prevent him from performing a modified range of light work which includes his past relevant work as a retail sales manager. (Tr. 21). This finding essentially ends the analysis and is disputed.

The fifth and final step in the disability evaluation process involves consideration of whether the claimant's impairment prevents him from doing any other work. 20 C.F.R. § 404.1520(f). The ALJ's finding that Mr. Marsh was able to perform his past relevant work precludes the necessity of vocation determinations at step five. However, the ALJ noted that the vocational expert testified regarding plaintiff's capacity to perform jobs in the regional economy.[3] No specific finding was made on this issue.

*Issues*

The issue on summary judgment is whether there is substantial evidence to support the ALJ's findings relating to improvement in medical condition which allowed plaintiff to perform work related activities. Plaintiff contends that the ALJ failed to properly consider testimony regarding subjective complaints of pain. Plaintiff further insists that the ALJ failed to give sufficient weight to Veterans Administration disability ratings and the Appeals Council incorrectly rejected subsequently submitted evidence showing that 100% permanent VA benefits had been awarded covering the time period for which plaintiff has been denied SSA benefits. (Tr. 3, 369). Defendant asserts that the finding of improved medical condition was based largely on plaintiff's own testimony, and plaintiff's subjective complaints of pain and poor concentration were not entirely credible in light of inconsistencies in the record. Defendant further argues that the vocational hypothetical allowed appropriate consideration for limitations resulting from pain. Finally, defendant contends that a disability determination by another agency is not binding in a Social Security benefits action, and the additional evidence submitted to the Appeals Council does not overcome the substantial evidence in the record in support of the ALJ's decision.

*Evidence of Impairment*

**Objective Evidence of Physical Disability.** The record in this matter clearly establishes that plaintiff suffers from degenerative disc and joint disease of the lumbar spine. In January 1992, he underwent right L5–S1 laminotomy and discectomy.[4] (Tr. 169). He again underwent surgery in October 1993. Procedures included lumbar decompression, facetectomy, and lumbar fusion and entailed placement of a stainless steel rod from L4 to the sacrum. (Tr. 60, 276). An infection developed in the second surgical wound which significantly inhibited recovery from the operation. (Tr. 296). Based upon objective medical evidence, including the testimony of the medical expert at hearing, the ALJ determined that plaintiff was disabled through May 31, 1994. (Tr. 20). The ALJ relied substantially upon subjective evidence of medical improvement, and the absence of medical treatment evidence, to find that plaintiff regained the ability to perform his past relevant work as of June 1, 1994. (Tr. 18, 21). Subsequent to the Social Security hearing and prior to the ALJ's issuance of a decision, plaintiff submitted additional evidence of a 60% disability finding by the Department of Veterans Affairs. (Tr. 23). The ALJ did not specifically state whether the evidence was considered, but he did find that he was not bound by the Veterans Administration decision on disability, pursuant to 20 C.F.R. § 404.1504. Following issuance of the ALJ decision, and while the matter was pending before the Appeals Council, plaintiff submitted evidence of a new 100% permanent disability evaluation by the Department of Veterans Affairs, retroactive to October 28, 1993, and covering the time period under consideration in this case. (Tr. 369). The VA determination relates to the

---

3. The vocation expert indicated the existence of approximately 2800 reproduction service collator jobs in the regional economy and approximately 2000 clerical jobs such as order or charge account clerk. (Tr. 81, 19).

4. Laminotomy is an operation on one or more vertebral laminae. *Stedman's Medical Dictio-*

*nary*, 26th Ed., Williams & Wilkins, 1995, p. 934. Discectomy is excision, in part or whole, of an invertebral disk. *Id.*, p. 491. Spinal decompression is the removal of pressure upon the spinal cord as created by a tumor, cyst, hematoma, nucleus pulposus, abscess or bone. *Id.*, p. 446. Facetectomy is excision of a facet. *Id.*, p. 619.

same physical impairment and the decision was not available to the ALJ in this case. The Appeals Council simply concluded that the evidence did not provide a basis for changing the ALJ's decision. (Tr. 3).

**Evidence of Improved Medical Condition.** The evidence of plaintiff's medical improvement consists primarily of testimony presented at the hearing and a functional capacity evaluation performed in May 1994. (Tr. 18). The functional capacity evaluator concluded that in an eight hour day the claimant could sit, stand, or walk for up to four hours each, with short breaks. (Tr. 315). Plaintiff was not able to squat but had some capacity to bend, crawl, climb, reach, kneel and balance. (Tr. 316). He was occasionally able to lift up to 22 pounds. The evaluator noted restrictions due to low back pain and stated that, "[i]t is doubtful that [the claimant] would be able to tolerate a normal 8 hour work day at this time." (Tr. 318). Hearing testimony included the medical expert's conclusions that plaintiff was able to perform modified light work; lift up to 20 pounds occasionally; alternate sitting, standing, and walking for 45 minutes at a time; and perform occasional bending, squatting and stair climbing with no ladder climbing. (Tr. 18, 68). The ALJ found support in the claimant's testimony that he had not sought medical attention since July 1994. Plaintiff relies upon concentration rather than medications for pain relief, but he will take Tylenol when the pain is severe, and he takes Lorset slightly more than once a month when pain is extreme. (Tr. 43, 56–59). Plaintiff acknowledged that he could lift up to ten pounds on an occasional basis. He could occasionally squat and was able to reach above his head, but climbing and bending were difficult. (Tr. 52–54). Plaintiff somewhat equivocally indicated that he would probably be capable of handling the sitting and walking involved in an eight hour work day under certain circumstances, (Tr. 51), but he also stated that his condition had not improved in recent months. (Tr. 46). The ALJ explicitly accepted the findings of the medical expert and found the functional capacity assessment to be consistent with a determination that plaintiff could perform modified light work. (Tr. 18–19). Plaintiff's ability to perform work, along with the ca-

pacity to perform past relevant work as it is generally performed in the national economy, constituted substantial gainful activity and satisfied the definition of medical improvement pursuant to 20 C.F.R. § 1594(a) and (c)(1). (Tr. 17, 19). The ALJ did not expressly find the plaintiff to not be a credible complainant.

*Arguments*

Defendant reiterates the above evidence to assert that the ALJ's decision was based upon substantial evidence in the record as a whole. Plaintiff asserts that the ALJ failed to fully consider his subjective complaints of pain and poor concentration, and the ALJ and Appeals Council failed to give proper weight to disability ratings from the Department of Veterans Affairs. Plaintiff further contends that the testimony of the vocational expert was not substantial evidence because the hypothetical did not fully and precisely set forth the deficiencies and limitations caused by pain.

It is the role of the court to make the determination whether the record as a whole contains substantial evidence to support the ALJ's decision. In reviewing the record for substantial evidence, the court may not substitute its own judgment or findings of fact. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993). The court should not reverse the Commissioner's findings merely because evidence may exist to support a different conclusion. *Mitchell v. Shalala,* 25 F.3d 712, 714 (8th Cir.1994). However, the court is required to review the administrative record as a whole and must take into account evidence which fairly detracts form the ALJ's findings. *Turpin v. Bowen,* 813 F.2d 165, 169 (8th Cir.1987).

**Burden of Proof.** When a claimant has been previously found disabled, the SSA is required to periodically review entitlement to benefits pursuant to 42 U.S.C. § 423(f), 20 C.F.R. § 1594(a). Evaluation of the evidence relating to the claimant's medical condition shall be made on the weight of the evidence and without inference based upon the prior determination of disability. 42 U.S.C. § 423(f). However, the agency carries the burden of showing that the claimant has experienced medical improvement such that

he is currently able to engage in substantial gainful activity. 20 C.F.R. § 1594(a).

Neutral review of the record in this case indicates that there is credible evidence to support either the plaintiff's or the defendant's position on disability in this case. However, new and material evidence exists which was not available to the ALJ and which was cursorily rejected by the Appeals Council without meaningful consideration being given, particularly in light of the less than conclusive nature of the relevant evidence on disability and medical improvement. As stated above, the objective medical evidence regarding plaintiff's lower back condition after May 31, 1994, is sparse or nonexistent. The evidence represented by a functional capacity evaluation conducted in May 1994, is less than definitive where certain exertional capabilities are noted, but are followed by the evaluator's observation that the subject would not likely be able to tolerate a normal work day. (Tr. 318). The medical expert at hearing did not examine the claimant, did not provide an objective medical basis for his opinion, and stated no independent opinion regarding subjective complaints of pain. In fact, the medical expert actually gave a quasi-vocational opinion rather than an medical opinion on the issue of medical improvement. (Tr. 68). On the other hand, plaintiff offered the candid opinion that he probably could function for eight hours in a day under prescribed restrictions, even though he never acknowledged a capacity to perform under the restrictions which were ultimately submitted to the vocational expert. (Tr. 51–54, 79–80).

Potentially important items of evidence which appear to have been disregarded or improperly rejected in this case are the disability findings by the Department of Veterans Affairs. The ALJ was advised that plaintiff had been recently awarded veterans disability benefits. The decision does not clearly indicate whether any weight at all was given to the VA determination, but it does state that the ALJ was not bound by the other agency's finding pursuant to 20 C.F.R. § 404.1504. The record indicates that

this VA rating as presented to the ALJ was not a finding of total or permanent disability. (Tr. 345). Though the determination of disability by the VA is not binding on the ALJ, the finding was relevant to the ability to perform work and is entitled to some weight. *Kirby v. Sullivan,* 923 F.2d 1323, 1327 (8th Cir.1991). On the basis of the evidentiary record and the decision, the Court cannot find that the ALJ erred in failing to properly consider the VA findings because the Court does not find that the evidence would necessarily have had a significant impact upon the ALJ's determinations. The same cannot be said for subsequently introduced evidence that was offered to the Appeals Council following issuance of the ALJ's decision. The Appeals Council was advised that the Department of Veterans Affairs had given plaintiff a 100% disability rating. The evidence was rejected on the assertion that the material did not provide a basis for changing the ALJ's decision. (Tr. 3). The Court does not agree that the evidence can be so summarily dismissed. As stated above, the decision of another agency is entitled to some weight, *Id.* at 1327, citing *Turpin v. Bowen,* 813 F.2d 165, 172 (8th Cir.1987), and is arguably entitled to substantial weight under appropriate circumstances. *See Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir.1985).[5] It does not appear that the 100% VA disability rating was given any serious consideration whatsoever by the Appeals Council, and the ALJ was denied the opportunity to reconsider his decision on remand to evaluate the additional evidence in light of all the other evidence. Remand of this matter to the defendant for reconsideration pursuant to 42 U.S.C § 405(g) is appropriate in this instance. The record underlying the VA decision should be considered and appropriate weight be given to the 100% VA disability rating applied to the plaintiff, under the circumstances of this case and in light of this report and recommendation.

### Ex Parte Motion for Remand

Plaintiff's ex parte motion for remand based upon a later Social Security disability

---

5. There is some disparity among the Federal Circuit courts regarding the level of deference that should be accorded to the findings of another agency, varying from "substantial" and

"great" to "some." Such findings are clearly entitled to at least some consideration under Eighth Circuit authority.

determination fails to assert an appropriate justification for remand. While the existence of the present District Court file seems to present a convenient opportunity for re-evaluation of the disability onset date, the appropriate procedural avenue would be through a request to reopen the decision in this case, allowing consideration of additional evidence just as a previous ALJ determination was reopened and re-examined once before in this matter. (Tr. 17). The defendant's subsequent finding of disability and the basis for determination of onset date suggests an inherent difference of opinion within the agency regarding plaintiff's disability. Such a difference of opinion, without more, is not evidence that the earlier decision was incorrect or was not supported by substantial evidence on the record as a whole. The claims and record before this Court provide a basis for remand to determine whether there was significant medical improvement in plaintiff's back condition and nothing more. Later filed benefits applications and resultant agency decisions must stand on their own.

### Vocational Determinations

The ALJ found that the claimant had regained the residual functional capacity to perform work-related activities except for work involving lifting more that 20 pounds occasionally and 10 pounds frequently, sitting/standing/walking for more than approximately 45 minutes at a time and repetitive bending squatting, and climbing. (Tr. 20). The limitations would not prevent plaintiff from performing a modified range of light work which includes his past relevant work as a retail sales manager. (Tr. 21). The ALJ heard testimony but offered no conclusion regarding plaintiff's ability to perform other work.

Analysis of vocational determinations requires review of evidence relating to plaintiff's residual function capacity and his ability to perform work. 20 C.F.R. § 404.1520(e) and (f). Plaintiff disputes the ALJ's finding that his medical condition improved sufficiently to enable him to perform work, and he argues that the ALJ failed to properly consider the functional limitations caused by severe pain. Plaintiff also contends that the vocational expert's testimony is flawed because it was based upon a hypothetical that contained no limitation based upon pain or lack of concentration. For the reasons discussed above which require remand of this case for consideration of additional evidence, the Court is unable to determine on the present record whether the vocational expert's response to the hypothetical was accurate and could constitute substantial evidence to support a finding of capacity to perform past relevant work or other work. The defendant on remand will be required to reaffirm or modify the vocational findings in light of any changes in findings on medical improvement and residual functional capacity.

### CONCLUSION

Upon review of the entire record and consideration of all arguments presented, the court concludes that remand of this matter is necessary to permit proper consideration of additional evidence of plaintiff's impairment as represented by 100% disability ratings by the Department of Veterans Affairs. On remand the defendant shall re-evaluate the extent of plaintiff's medical improvement, his residual functional capacity during the time period at issue, and his vocational prognosis.

### RECOMMENDATION

For the foregoing reasons, it is hereby recommended that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 8] be denied.

2. Defendant's Motion for Summary Judgment [Docket No. 13] be denied.

3. Plaintiff's Motion for Remand [Docket No. 15] be denied.

4. This matter be remanded to the defendant for consideration of additional evidence consistent with this report and recommendation.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties within ten days after service of a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the basis for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days after service of the Report and Recommendation.