# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2654EM

_____

| | | |
|---|---|---|
| Roger E. Bacon, | * | |
| | * | On Appeal from the United |
| Appellant, | * | States District Court |
| | * | for the Eastern District |
| v. | * | of Missouri. |
| | * | |
| Greyhound Lines, Inc., | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 2, 2000

Filed: June 13, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Roger E. Bacon appeals from the District Court's[1] April 9, 1999, adverse grant of summary judgment in his employment discrimination suit against his former employer, Greyhound Lines, Inc. He also appeals from the District Court's May 12 order denying his May 5 motion for reconsideration under Federal Rule of Civil Procedure 60(b). Bacon's appeal is timely only as to the denial of his motion for reconsideration. See Fed. R. App. P. 4(a)(1)(A) (plaintiff has 30 days from entry of

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

judgment to file notice of appeal); 4(a)(4)(A)(vi) (time for filing notice of appeal is tolled if Rule 60(b) motion is filed within 10 days of entry of judgment); Fed. R. Civ. P. 6(a) (computation of 10-day time limit for filing Rule 60(b) motion under Fed. R. App. P. 4(a)).

An appeal from the denial of Bacon's Rule 60(b) motion does not bring up the District Court's underlying judgment for review, but presents us with only the question whether the District Court abused its discretion in denying Bacon relief from judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). We conclude that the District Court did not abuse its discretion. Bacon failed to show he exercised due diligence to discover earlier the new evidence he wishes to obtain and offer, or to show how this new evidence would change the outcome of his case; and his counsel's alleged errors are not a basis for relief from judgment. See Fed. R. Civ. P. 60(b)(2) (party may seek relief from final judgment if it has newly discovered evidence which due diligence would not have uncovered); Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) "is not a vehicle for simple reargument on the merits"); Mitchell v. Shalala, 48 F.3d 1039, 1041-42 (8th Cir. 1995) (affirming denial of Rule 60(b) motion to introduce newly discovered evidence because plaintiff failed to show due diligence, and her new evidence was unlikely to produce different result); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no right to effective assistance of counsel in civil cases). Bacon also failed to demonstrate that "exceptional circumstances" prevented him from obtaining relief "though the usual channels." See Fed. R. Civ. P. 60(b)(6) (permitting relief from final judgment for "any other reason justifying relief"); Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904-05 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.