**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

Nos. 96-1734/1829

———————

Beihua Sheng,                           *
                                        *
        Appellant/Cross-Appellee,       *
                                        *   Appeal   from   the   United   States
District
        v.                              *   Court for the District of Minnesota.
                                        *
Starkey Laboratories, Inc.,             *
                                        *
        Appellee/Cross-Appellant.       *

———————

Submitted: April 17, 1997
    Filed: June 27, 1997

———————

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

———————

BEAM, Circuit Judge.

        The parties to this lawsuit attended a settlement conference without knowing that the district court had handed down a summary judgment decision.  This appeal addresses what effect, if any, should be given to the agreement they reached before discovering the court's action.  We hold that a contract was formed and was not based on mutual mistake.

## I.   BACKGROUND

Beihua Sheng sued her former employer, Starkey Laboratories, Inc. (Starkey) alleging violations of Title VII.  Starkey moved for summary judgment and, after a hearing, the motion was submitted to the district court.  While the request was pending, the district court ordered the parties' attendance at a mediated settlement conference, scheduled for Monday, December 20, 1993.  On Friday, December 17, the district court signed an order granting Starkey's motion for summary judgment.  Although copies of the order were mailed to both counsel,  the court's order was not immediately entered in the official docket and the clerk of court did not enter judgment.  <u>See</u> Fed. R. Civ. P. 58 & 79.  Monday morning, not yet aware of the district court's decision, the parties met in the chambers of a United States magistrate judge.  At that conference, the parties agreed that Sheng would dismiss all of her claims against Starkey in exchange for Starkey's payment of $73,500.  At the conclusion of the meeting the attorneys shook hands and began discussing the appropriate tax treatment for the payment.

After the conference, the magistrate judge informed the district court of the agreement.  The district court then rescinded its summary judgment order <u>sua sponte</u>, directing the clerk of court to enter neither the order nor judgment in the case docket.  That afternoon, counsel for both parties received copies of the December 17 order granting summary judgment and the December 20 order vacating the first order.  The next day, the district court dismissed the action on the ground that it had been settled.

Starkey filed a Rule 60(b) motion seeking to vacate the court's orders rescinding the summary judgment and dismissing the case.  Starkey argues that there was no settlement because the parties did not agree on all material terms of the contract.  Alternatively, Starkey maintains that the agreement is unenforceable because it was based on mutual mistake.  The district court denied Starkey's motion.

Starkey appealed that determination to this court. In Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995), we held that the district court had erred by failing to hold an evidentiary hearing before concluding that agreement existed on all material terms. Accordingly, we remanded and expressly declined to reach Starkey's mutual mistake argument.

Back in district court, the case was assigned to another judge, and the required evidentiary hearing was held. The court found that the parties had reached agreement on all essential terms, but held the contract was unenforceable because it was based on both parties' mistaken assumption that summary judgment had not been granted. Accordingly, the district court rescinded the dismissal order and reinstated the summary judgment order in Starkey's favor. Sheng appeals.

## II. DISCUSSION

This is essentially an appeal of a Rule 60(b) decision. Rule 60(b) allows a district court to rescind a final judgment for a variety of reasons, including mistake. See Fed. R. Civ. P. 60(b)(1)-(6). We review the grant or denial of Rule 60(b) relief for an abuse of discretion. MIF Realty L.P. v. Rochester Assoc., 92 F.3d 752, 755 (8th Cir. 1996). However, that discretion is limited: Rule 60(b) "does not allow district courts to indulge a party's discontent over the effects of its bargain." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994) (quotation omitted). Thus, if the parties had entered a binding settlement, the district court abused its discretion in granting Starkey's 60(b) motion. We therefore turn to the existence and enforceability of the agreement, which is governed by basic contract principles. MIF Realty, 92 F.3d at 756.[1]

---

[1]Courts disagree on the body of law governing Title VII settlements. Compare Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir. 1991) (applying federal common law to Title VII settlement agreement) with Morgan v. South Bend Community Sch. Corp., 797 F.2d 471, 478 (7th Cir. 1986) (applying state law to Title VII settlement agreement). Both the parties and the district court have assumed that Minnesota law controls, and since it makes no practical difference in this case, we will apply Minnesota law. We leave the larger choice of law question for another day. See Bowden v. United States, 106 F.3d 433, 439 (D.C. Cir. 1997) (declining to determine which law controls Title VII settlement agreements when both sources of law result in same outcome).

## A.    Existence of Contract

An enforceable settlement requires the parties to reach agreement on the essential terms of the deal.  Ryan v. Ryan, 193 N.W.2d 295, 297 (Minn. 1971).   Settlement agreements that do not expressly resolve ancillary issues can, nevertheless, be enforceable.  Triple B & G, Inc. v. City of Fairmont, 494 N.W.2d 49 (Minn. Ct. App. 1992) (binding settlement existed when parties had agreed on payment of damages, but failed to resolve property owners' demand for additional drainage).   The fact that the parties left some details for counsel to work out during later negotiations cannot be used to abrogate an otherwise valid agreement.  Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985) (per curiam).

Here, the district court concluded that the parties had an agreement on all material issues.  The court specifically found that the deal hinged neither on the tax treatment of the payment, nor on other particulars, such as the wording of clauses regarding confidentiality, disclaimers and the release of liability.  We will not set aside a district court's findings of fact unless they are clearly erroneous.  Fed. R. Civ. P. 52(a).  We perceive no such error, and therefore affirm the district court's legal conclusion that a contract did exist between these parties.

## B.    Enforceability of Contract

Starkey argues that even if the parties formed a contract, the agreement was based on a mutual mistake.  A mistake is a belief that is not in accord with the facts.  Restatement (Second) of Contracts § 151 (1981). "Mutual mistake" consists of a clear showing that both contracting parties misunderstood the fundamental subject matter or terms of the contract. Dubbe v. Lano Equip., Inc., 362 N.W.2d 353, 356 (Minn. Ct. App. 1985).

The district court first held that both parties assumed that Starkey's summary judgment motion was still pending, and then concluded that this misconception rendered the contract voidable as mutual mistake. The intent of contracting parties is an issue of fact, reviewed only for clear error. City of Savage v. Formanek, 459 N.W.2d 173, 175 (Minn. App. 1990).  However, the effect of a mistaken belief is a legal conclusion, reviewed de novo on appeal.  Id.

As an initial matter, we are not convinced that the parties' erroneous assumption regarding the disposition of the summary judgment motion would warrant recision.  Before a misconception will render a contract voidable, it must be more then an error about the monetary value of the consideration; it must go to the very nature of the deal.  Gartner v. Eikill, 319 N.W.2d 397, 399 (Minn. 1982).  In this case, while entry of summary judgment may have affected how much value Starkey was willing to give in exchange for Sheng's release, both parties would have had reason to bargain had they known of the ruling.  Litigants who win summary judgment routinely settle with their opponents to avoid the costs of an appeal, to assure confidentiality, or for a wide range of other reasons. E.g. U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994) (addressing motion for vacatur after post-judgment settlement).

Even if misapprehension about the pendency of Starkey's motion was a fundamental mistake, however, we hold that Starkey assumed the risk of that error.  A

party may not avoid a contract on the grounds of mutual mistake when it assumed the risk of that mistake. <u>Winter v. Skoglund</u>, 404 N.W.2d 786, 793 (Minn. 1987) (citing <u>Restatement (Second) of Contracts</u> § 152 (1981)). The <u>Restatement</u> instructs courts to examine "the purposes of the parties" and "its own general knowledge of human behavior in bargain transactions" to allocate risk in these situations. <u>Id.</u> at § 154 cmt. d. Here, Starkey knew it had a dispositive motion pending, and yet chose the certainty of settlement rather than the gamble of a ruling on its motion. "Practically every settlement . . . involves the element of chance as to future consequences and developments. There are usually unknown and unknowable conditions . . . that may affect the ultimate recovery or failure of recovery. Mutual ignorance of their existence cannot constitute 'mutual mistake.'" <u>Anderson v. Ciba- Geigy Corp.</u>, 490 F.2d 438, 442 (8th Cir. 1974) (quotation omitted). Consequently, Starkey cannot avoid the deal it struck with Sheng.

## III.  CONCLUSION

The decision of the district court is affirmed in part and reversed in part. The case is remanded to the district court for entry of judgment dismissing the action based on the settlement agreement.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-