**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-2180

Bryce Hepper,                          *
                                       *
            Appellant,                 *
                                       * Appeal   from   the   United
States
        v.                             * District Court for the
                                       * District of North Dakota.
Adams County, ND,                      *
                                       *
            Appellee.                  *

Submitted:   November 21, 1997

Filed:
January 14, 1998

Before LOKEN, HEANEY, and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

Bryce Hepper appeals the district court's grant of
summary judgment in favor of Adams County, North Dakota
("the County"), on Hepper's claim of negligence related
to an automobile accident in which Hepper was injured.
We affirm.

**I.**

The facts of the case are undisputed.  On July 25,
1993, Hepper was a passenger in an automobile driven by

Mera Merz.  After Merz lost control of the vehicle, it left

the road and rolled over, injuring Hepper.  Hepper's injuries required substantial medical treatment and will require ongoing medical care in the future.  Leo Ehrmantraut, the claims adjuster for Merz's automobile insurance company, American Family Mutual Insurance ("American Family"), represented Merz and American Family in negotiating a settlement with Hepper, which included a general release.  The release provided that Hepper:

> [H]ereby fully and forever release[s] and discharge[s] Harvey Merz and Mera Merz[,] their heirs, administrators, executors, successors and assigns, and all other persons and organizations who are or might be liable . . . .  By executing this release, we intend and agree that this release applies to all of our claims . . . arising from said accident, present and future, including, but not limited to, damage to or destruction of property; claims for known or unknown injuries, developments, consequences and permanency of those injuries; and there is no misunderstanding in this regard.

Appellee's Brief at 5.

After reaching the settlement with American Family, Hepper sued the County, claiming that the County was negligent in the signing and striping of the road on which the accident occurred.[1]  The County moved for summary judgment on Hepper's claim of negligence, asserting that the general release signed by Hepper released all parties who might be liable and that the

---

[1]The road had an "s-curve," which was marked by a road sign indicating the first curve but not the second, which curved back in the opposite direction.  There was no painted center line, nor did the road have a "fog line" or a "barrier stripe."

County enjoys discretionary immunity.  Supported by Ehrmantraut's testimony, Hepper responded that the release was not intended to act in accordance with its specific language.  Hepper further asserted that the County did not enjoy immunity because its actions constituted negligent execution rather than discretionary judgment.

The district court granted the County's motion for summary judgment because the language of the release was unambiguous, parole evidence of intent was therefore inadmissible, and consequently, the agreement's clear language released "all other persons who are or might be liable."   Following the court's grant of summary judgment, Hepper moved for relief from the judgment under Rule 60(b),[2] requesting reconsideration of the judgment and permission to amend his complaint to add a claim for contract reformation.  The district court denied Hepper's motion.  Hepper appeals the district court's grant of summary judgment and its denial of his motion for relief from the judgment.

## II.

We review a grant of summary judgment de novo, affirming the grant only if the record shows no issue of material fact and the prevailing party is entitled to a judgment as a matter of law.  Treleven v. University of Minnesota, 73 F.3d 816, 817 (8th Cir. 1996) (citations omitted).  Under North Dakota law, whether a contract is ambiguous is a question of law to be decided by the court.  Pamida, Inc. v. Meide, 526 N.W.2d 487, 490 (N.D. 1995).  Where a contract is clear and unambiguous, the

---

[2]Hepper's motion cited Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that "the court may relieve a party . . . from a final judgment [or] order" for any reason "justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).

court is not permitted to examine parole evidence to contradict the terms of the agreement.  Id. at 490.

Under North Dakota law, the release of one's right to sue where multiple tortfeasors might be involved is governed by N.D. Cent. Code § 32-38-04.[3] North Dakota's Supreme Court has not yet interpreted § 32-38-04 to determine whether the terms of a general release such as the one signed by Hepper "so provide" for the release of all potential tortfeasors. Where the question remains open, North Dakota law allows a court to "seek interpretive guidance from other states that [have] adopted uniform laws" in interpreting the release statute. Estate of Zimbleman, 539 N.W.2d 67, 72 (N.D. 1995) (citations omitted).

Our court has addressed the question of whether potentially-liable parties may rely on a general release of liability where they were neither named nor a party to the agreement. In Douglas v. United States Tobacco Co., 670 F.2d 791, 794-95 (8th Cir. 1982), for example, we determined that a general release executed in Arkansas released third parties from liability. We recently affirmed that interpretation in a similar case in South Dakota. Enos v. Key Pharm., Inc., 106 F.3d 838, 839-40

---

[3]Section 32-38-04 provides in pertinent part:

**32-38-04. Release or covenant not to sue.** When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

> 1. It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide . . . .

N.D. Cent. Code § 32-38-04 (1997).

(8th Cir. 1997) (a party executing a broad general release in a malpractice action released third parties from liability in the matter).

Hepper cites a number of cases favorable to his argument in which states have answered the question whether a party is required to be specifically named by the

release to enjoy its effects. See <u>Noonan v. Williams</u>, 686 A.2d 237, 244-46 (D.C. 1996); <u>Russ v. General Motors Corp.</u>, 906 P.2d 718, 723 (Nev. 1995); <u>Moss v. Oklahoma City</u>, 897 P.2d 280, 288-89 (Okla. 1995). Although Hepper makes strong equitable arguments for adopting such a rule, under North Dakota's statutory language we are bound by our previous determinations that the language of a general release, such as that executed by Hepper, releases third parties, such as the County, from liability. See <u>Brown v. First Nat'l Bank in Lenox</u>, 844 F.2d 580, 582 (8th Cir. 1988) (one panel of the Circuit may not reverse a decision of another panel).

We review a grant or denial of relief under Rule 60(b) of the Federal Rules of Civil Procedure for an abuse of discretion. <u>Sheng v. Starkey Labs., Inc.</u>, 117 F.3d 1081, 1083 (8th Cir. 1997) (citation omitted). Rule 60(b) provides for extraordinary relief which we properly grant only where the movant has shown exceptional circumstances. <u>Mitchell v. Shalala</u>, 48 F.3d 1039, 1041 (8th Cir. 1995) (citation omitted). Although Hepper's argument that the agreement with American Family should have been reformed might have merit, Hepper has failed to demonstrate that exceptional circumstances prevented him from seeking reformation of the contract prior to bringing his claim against the County. We therefore conclude that the district court did not abuse its discretion by denying Hepper's motion.

## III.

For the foregoing reasons, the district court's grant of summary judgment is affirmed.

9

BRIGHT, Circuit Judge, dissenting.

I dissent.

It is clear from all of the documents[4] filed in this case that Bryce Hepper did not intend a general release of liability. When Hepper settled his case against the insurance company that provided coverage for the vehicle in the accident, he unwittingly executed a general release of liability. Hepper's counsel may not have been aware of this problem. Adams County seeks and has been given the benefit of the general release form. It has received an unintended benefit without payment of consideration.

This case is an extraordinary one that may call for equitable relief. I, therefore, would remand this case to the district court to permit Hepper to amend his complaint in order to seek reformation of the release agreement to show the true intent of the parties.

---

[4]For example, the agreement among the three injured parties to divide the accident vehicle's insurance proceeds clearly shows that the parties had not received anything close to full compensation for their injuries. The vehicle in the accident had minimal insurance coverage, providing $25,000 of coverage per person with a $50,000 maximum limit per occurrence. At the time of the agreement, the three individuals, Hepper, Rhett Peterson, and David Knutson had incurred medical costs of $16,083.78, $41,246.07, and $15,552.26, respectively. The $50,000 was prorated among the claimants based on their respective medical expenses. Since Peterson's medical costs were over 50% of the total costs incurred by all three parties, Peterson received the maximum under the policy of $25,000 per person. Hepper's costs in relationship to Knutson's costs represented 50.84% of the remaining $25,000 in coverage. Therefore, Hepper received only $12,710.

A true copy.

Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.