# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1266

_____

Lilly M. Kell, As personal              *
representative of the estate of Rita     *
Glover,                                  *
                                         *
                Plaintiff,               *
                                         *
        v.                               *
                                         *
First Colony Life Insurance Company;     *
Mark Ostenfeld, Personal                 *
representative of Estate of William      *
Glover; Mark L. Ostenfeld, Guardian      *   Appeals from the United States
Ad Litem Stephanie Glover,               *   District Court for the
                                         *   Eastern District of Missouri.
                Defendants,              *
                                         *   [UNPUBLISHED]
Arthur G. Muegler,                       *
                                         *
                Movant-Appellant,        *
                                         *
Thomas Berndsen,                         *
                                         *
David J. Bening; Alfred W. Harre,        *
                                         *
                Appellees.               *
                                         *
----------------------                   *
                                         *
Mark L. Ostenfeld, Public                *
Administrator and Personal               *
Representative of the Estate of          *

deceased William Glover,                    *

                                            *

            Plaintiff,                      *

                                            *

Lilly M. Kell, as the personal             *

representative of the estate of Rita        *

Glover,                                     *

                                            *

            Plaintiffs,                     *

                                            *

        v.                                  *

                                            *

Mark L. Ostenfeld, Guardian Ad             *

Litem Stephanie Glover,                     *

                                            *

            Defendant,                      *

                                            *

Arthur G. Muegler,                          *

                                            *

            Movant-Appellant,               *

                                            *

Thomas Berndsen.                            *

            _____

            No. 98-1772
            _____

Lilly M. Kell, As personal                  *

representative of the estate of Rita        *

Glover,                                      *

                                            *

            Plaintiff,                       *

                                            *

        v.                                   *

                                            *

John Hancock Financial Services,            *

Inc.; Stephanie Glover, also known as　　*
Lilly M. Kell; Mark L. Ostenfeld,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Defendants,　　*

　　　　　　　　　　　　　　　　　　*

Arthur G. Muegler,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Movant-Appellant,　　*

　　　　　　　　　　　　　　　　　　*

Thomas Berndsen,　　*

　　　　　　　　　　　　　　　　　　*

David J. Bening; Alfred W. Harre,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Appellees.　　*

　　　　　　───────────

　　　　　　No. 98-2262

　　　　　　───────────

Alfred W. Harre; Bernice E. Harre;　　*
David Bening,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Plaintiffs-Appellees,　　*

　　　　　　　　　　　　　　　　　　*

　　　　v.　　*

　　　　　　　　　　　　　　　　　　*

Arthur G. Muegler,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Defendant,　　*

　　　　　　　　　　　　　　　　　　*

Rita D. Glover,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Movant,　　*

　　　　　　　　　　　　　　　　　　*

Donald V. Nangle,　　*

　　　　　　　　　　　　　　　　　　*

　　　　　　　Movant-Appellant,　　*

|                                              |   |
|----------------------------------------------|---|
|                                              | * |
| The Monticello Group, Inc.; State            | * |
| Farm Fire & Casualty Company,                | * |
|                                              | * |
|       Movants,  | * |
|                                              | * |
| ------------------                           | * |
|                                              | * |
| The Monticello Group, Inc.                   | * |
|                                              | * |
|       Plaintiff,| * |
|                                              | * |
|     v.                    | * |
|                                              | * |
| State Farm Fire & Casualty Company,          | * |
|                                              | * |
|       Defendant,| * |
|                                              | * |
| David Bening,                                | * |
|                                              | * |
|       Movant-Appellee, | * |
|                                              | * |
| Alfred W. Harre,                             | * |
|                                              | * |
|       Movant,   | * |
|                                              | * |
| Donald V. Nangle,                            | * |
|                                              | * |
|       Movant-Appellant, | * |
|                                              | * |
| Arthur G. Muegler,                           | * |
|                                              | * |
|       Movant.   | * |

_____

No. 98-2266
_____

Alfred W. Harre; Bernice E. Harre;     *
David Bening,     *

    *

       Plaintiffs-Appellees,     *

    *

     v.     *

    *

Arthur G. Muegler,     *

    *

       Defendant-Appellant,     *

    *

Rita D. Glover; Donald V. Nangle;     *
The Monticello Group, Inc.; State     *
Farm Fire & Casualty Company,     *

    *

       Movants,     *

    *

--------------------     *

    *

The Monticello Group, Inc.     *

    *

       Plaintiff,     *

    *

     v.     *

    *

State Farm Fire & Casualty Company,     *

    *

       Defendant,     *

    *

David Bening,     *

    *

       Movant-Appellee,     *

    *

Alfred W. Harre; Donald V. Nangle,     *

    *

       Movants,     *

    *

Arthur G. Muegler,          *

                                       *

      Movant-Appellant.         *

_____

Submitted:  November 24, 1998
Filed:  November 30, 1998

_____

Before BOWMAN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Arthur G. Muegler and Donald V. Nangle challenge orders of the District Court[1] (1) granting the motions of David J. Bening and Alfred W. Harre for a creditor's bill and equitable garnishment on Muegler's portion of contingency fees owed to Muegler and Nangle for legal work performed in the underlying cases; (2) denying Muegler's claimed statutory exemption pursuant to 15 U.S.C. § 1673(a) (1994) and Mo. Rev. Stat. § 525.030(2)(a), (c) (1994); and (3) ordering payout to Bening and Harre.  We affirm.

Muegler and Nangle argue the District Court lacked subject matter jurisdiction over these motions.  We disagree.  In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law."  H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir.) (quoting

_____

[1]The orders were entered by the Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, and by the Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir.), cert. denied, 444 U.S. 838 (1979)), cert. denied, 510 U.S. 1019 (1993). To the extent Muegler and Nangle claim that they were not given proper notice and that the elements necessary to impose a creditor's bill were not established, we disagree. All interested parties received notice of the motion for a creditor's bill in the subject property, and they were given ample opportunity to respond to the allegations in the motion and to present evidence on whether the creditor's bill should be granted. There were valid judgments against Muegler, and he had repeatedly failed to produce requested information concerning the location and amount of his assets. The judgment creditors had been unable to collect their judgments. There was substantial evidence to support the finding that Muegler was entitled to receive fees for his representation, and that a creditor's bill should be granted on those funds to satisfy the outstanding judgment against him. See id. at 478 (affirming grant of creditor's bill).

Assuming that Muegler was eligible to claim the exemption afforded by 15 U.S.C. § 1673(a) and Mo. Rev. Stat. § 525.030(2), we conclude the District Court was correct in denying it to Muegler. The District Court did not clearly err in finding that the fees in question were earned over multi-year periods, not simply the two-week periods preceding the hearings on Muegler's exemption claims. Because Muegler did not present evidence of his aggregate earnings for the entire applicable periods, the District Court had no basis for concluding that any of the funds in question were exempt from garnishment. See MDU Resources Group v. W.R. Grace & Co., 14 F.3d 1274, 1281 (8th Cir.) ("[W]hen evidence is in the control of one party and not produced to the other, the factfinder may infer that the evidence would establish what the other party proposes."), cert. denied, 513 U.S. 824 (1994); see also 15 U.S.C. § 1673(a) ("aggregate disposable earnings"); Mo. Rev. Stat. § 525.030(2) ("aggregate earnings").

We also conclude the District Court did not err in disregarding an attorney compensation agreement Muegler and Nangle purportedly entered into with respect to

one of the lawsuits.  The District Court did not clearly err in finding that the agreement was an attempt to obscure the attorneys' actual fee-splitting arrangement.  <u>See</u> <u>Sheng v. Starkey Lab., Inc.</u>, 117 F.3d 1081, 1083 (8th Cir. 1997) (existence of valid contract is finding of fact reviewed under clearly erroneous standard).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.