**Richard SCOTT, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. C 98–4098–MWB.**

United States District Court, N.D. Iowa, Western Division.

Aug. 4, 2000.

---

Ruth M. Carter of Carter, Carter & Tiefenthaler, P.C., Sioux City, IA, for Plaintiff.

Martha A. Fagg, Assistant United States Attorney, Sioux City, IA, Frank V. Smith III, Chief Counsel, Region VII, Social Security Administration, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR RELIEF FROM ORDER

BENNETT, Chief Judge

This matter comes before the court pursuant to the defendant's May 30, 2000, motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from this court's order of March 30, 2000, which became final on April 24, 2000, upon this court's denial of the defendant's motion to alter or amend judgment. The gravamen of the defendant's motion is stated as follows:

Prior to effectuating the Court's order to pay disability benefits to Plaintiff, the SSA Payment Center discovered that Plaintiff had earnings reported to his Social Security earnings record which strongly indicate that he was performing [significant gainful activity (SGA)], not only in 1996 ($11,-063.50), but in 1997 ($13,631.66) and in 1998 ($13,993.41)....

Pursuant to Federal Rule of Civil Procedure 60(b)(2), Defendant respectfully asks the Court for relief from its order. This is newly discovered evidence of Plaintiff's earnings during the period Plaintiff alleged he was disabled, and the Court found him to be disabled. Furthermore, Plaintiff's failure to report his ongoing work activity, as he agreed, under penalty of fine, imprisonment, or both, to do when he applied for benefits, may be a separate basis for relief from the Court's order under Rule 60(b)(6).

Defendant's Memorandum in Support of Defendant's Motion for Relief from Order at 2–3. The plaintiff resists the motion on the ground that the defendant has not pointed to any newly discovered evidence that could not have been discovered by due diligence within the time for a motion for new trial under Rule 59(b). The plaintiff also strenuously resists any assertion that he has concealed his earnings during 1997, or any other period of time, since the information the defendant now relies upon was garnered, in part, from the plaintiff's own income tax returns and other income reporting.

The defendant has almost completely ignored the relevant standards for granting a motion for relief from judgment pursuant to Rule 60(b) in favor of a discussion of the standards for disability under Social Security law. However, the court's disposition of the defendant's motion must be made on the basis of the standards applicable to a Rule 60(b) motion, not on the basis of some reargument of the merits of the plaintiff's disability claim. "Rule 60(b) ... authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits." *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999). Moreover, as the Eighth Circuit Court of Appeals recently explained,

We have held that Rule 60(b) "'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances,'" *Hepper v. Adams County,* 133 F.3d 1094, 1096 (8th Cir.1998) (quoting *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986)[, *cert. denied,* 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987) ]), and we will reverse the district court's refusal to grant a 60(b) motion only on a showing of abuse of discretion. *See Mitchell v. Shalala,* 48 F.3d 1039, 1041 (8th Cir.1995).

*Schwieger v. Farm Bureau Ins. Co. of Neb.,* 207 F.3d 480, 487 (8th Cir.2000).

The provisions of Rule 60(b) upon which the defendant relies provide as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b)(2) & (6). To obtain relief pursuant to Rule 60(b)(2), "the movant must

show that: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger*, 207 F.3d at 487. However, "[w]here a party had possession of the evidence the entire time, the party's later 'discovery' of the evidence is generally not sufficient to support a motion under Rule 60(b)(2)." *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 371 n. 3 (8th Cir.1994). Rather, the party must exercise "due diligence" to discover the "new" evidence, which requires a "justifiable excuse" for not discovering the material in a timely manner. *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1537 (8th Cir.1996).

■ The defendant also relies upon Rule 60(b)(6), the "catchall" ground, *Guinan v. Delo*, 5 F.3d 313, 316 (8th Cir.1993), as another basis for relief. *See* FED.R.CIV.P. 60(b)(6) (authorizing relief for "any other reason justifying relief from the operation of the judgment"). "Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances," *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir.1999), *cert. denied*, ─── U.S. ───, 120 S.Ct. 1268, 146 L.Ed.2d 218 (2000), and "allow[s] a district court to inject equity and revive an otherwise lifeless claim." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999), *cert. denied*, ─── U.S. ───, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999). However, the defendant's assertions in this regard—that the plaintiff has concealed the income information in question in violation of his agreement in his benefits applications to provide truthful reporting—would seem to fit more nearly within the scope of Rule 60(b)(3), which permits a court to grant relief from a judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." FED.R.CIV.P. 60(b)(3). "To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a

fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998).

■ The defendant here cannot make the necessary showings for relief from a judgment pursuant to Rule 60(b). The defendant cannot satisfy the requirements for relief under Rule 60(b)(2), even though the evidence in question apparently was not "discovered" by the defendant until after the court reached its ruling. *See Schwieger*, 207 F.3d at 487 (first required showing under Rule 60(b)(2) is that the "the evidence was discovered after trial"). This is so, because the defendant cannot satisfy the "due diligence" requirement. *See* FED.R.CIV.P. 60(b)(2) (requiring "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"); *Schwieger*, 207 F.3d at 487. The defendant asserts only that the SSA Payment Center "discovered" the plaintiff's earnings in 1997 and 1998 "[p]rior to effectuating the Court's order to pay disability benefits to Plaintiff," but there is no indication that the evidence was not in the defendant's records prior to this court's judgment; rather, all of the information concerning the plaintiff's earnings in 1997 and 1998 was available in the defendant's own records prior to this court's order of March 30, 2000, because the information was reported on income tax forms and in the plaintiff's administrative proceedings on a second application for Social Security disability benefits not later than the end of 1999. The defendant's failure to make a timely discovery of the information was thus the result of the failure of either defense counsel or the SSA Payment Center to check the defendant's own records for this information prior to this court's judgment. As noted above, "[w]here a party had possession of the evidence the entire time, the party's later 'discovery' of the evidence is generally not sufficient to support a motion under Rule 60(b)(2)," *Atkinson*, 43 F.3d at 371 n. 3, and the court concludes it is not sufficient here. The defendant's proffered excuse for failing to dis-

cover the information, *see Alpern*, 84 F.3d at 1537 (to show "due diligence," the movant must offer a "justifiable excuse" for not discovering the material in a timely manner), is that, even though the plaintiff says he reported the information as required in connection with a subsequent claim for benefits filed March 6, 1998, there was no indication to the defendant that work activity after January 1997 should be investigated in *this* case. This argument does not establish any "justifiable excuse," however, because one of the critical issues before the administrative law judge and this court in these proceedings has been whether or not the plaintiff was disabled on the basis of Dr. Ung's evaluation in March of 1997 and other evidence. Thus, the defendant has established no more than that counsel failed to look for pertinent information already in the defendant's possession during the evidentiary phase of these proceedings until after the judgment was entered in this case.

■ The defendant's alternative basis for relief, pursuant to either Rule 60(b)(3) or 60(b)(6), premised on the plaintiff's alleged concealment of pertinent evidence, fails for much the same reason. Where the plaintiff has demonstrated that he did in fact report the income information on which the defendant now relies in a timely fashion—which the defendant does not now dispute, instead asserting in his reply brief that he had no notice of the pertinence of the information to these proceedings—and that information was plainly available to the defendant, in the defendant's own records, prior to the entry of judgment in this case, the defendant has failed to "show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case," *Greiner*, 152 F.3d at 789 (explaining grounds for relief pursuant to Rule 60(b)(3)), or that there are "extraordinary circumstances" justifying relief from the judgment. *Kansas Pub. Employees Retirement Sys.*, 194 F.3d at 925 (explaining grounds for relief pursuant to Rule 60(b)(6)). Also without merit—as a ground for relief under Rule 60(b)(6), for example—is the defendant's assertion that, by filing a second application for benefits from November of 1998, the plaintiff has somehow waived benefits awarded in this case for a period before November of 1998. The plaintiff did nothing improper, and waived nothing in these judicial review proceedings concerning his first application for benefits, by asserting an onset date in a second administrative application that recognized the Commissioner's rejection of his first application. If the plaintiff had instead asserted in his second administrative application that his onset date was within the period for which the Commissioner had already denied benefits, the Commissioner would doubtless have denied the second application as improper.

The defendant has shown no grounds for relief from this court's order of March 30, 2000, pursuant to Rule 60(b). Therefore, the defendant's May 30, 2000, motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from this court's order of March 30, 2000, is **denied**.

**IT IS SO ORDERED.**