# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3405

_____

| | |
|---|---|
| Paula Johnson, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the |
| Jerome J. Dobson; S. Sheldon | *  Eastern District of Missouri. |
| Weinhaus, | * |
| | *  [UNPUBLISHED] |
| Intervenors Below, | * |
| | * |
| Chrysler Corporation, | * |
| | * |
| Appellee. | * |

_____

Submitted: September  28, 2000
Filed:  October 4, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Chrysler Corporation moved to compel the enforcement of a settlement agreement that it alleged it had reached with appellant Paula Johnson, the district court[1]

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

held an evidentiary hearing at which Johnson, her attorneys, and Chrysler's attorney testified extensively. Crediting the attorneys' testimony, the court concluded that a valid settlement agreement had been authorized and reached, and enforced it. Johnson appeals the resulting dismissal of her lawsuit against Chrysler, and we affirm.

Upon a thorough review of the record before us, including the transcript of the evidentiary hearing held below, we cannot say, in light of the district court's credibility determinations, that the court clearly erred in finding Johnson knowingly and voluntarily authorized her counsel to settle her action according to the terms of the settlement agreement at issue. See Mueller v. Guardian Life Ins. Co., 143 F.3d 414, 416 (8th Cir. 1998) (district court did not clearly err in finding plaintiff had given his attorney express authority to settle case according to terms of employer's counteroffer, in light of district court's credibility determinations, evidence supporting its findings, and reasonable inferences drawn from evidence).

Likewise, we conclude the district court did not clearly err in finding that, in accordance with the authorization Johnson had given her attorneys, the parties entered into a valid oral, global-settlement agreement on May 14, notwithstanding minor later-resolved issues. See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962) (client bound by acts of attorney); Gilbert v. Monsanto Co., 216 F.3d 695, 698, 700 (8th Cir. 2000) (upholding oral settlement); Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 (8th Cir. 1997) (fact that parties left some details for counsel to work out during later negotiations cannot be used to abrogate otherwise valid agreement); Worthy v. McKesson Corp., 756 F.2d 1370, 1372 (8th Cir. 1985) (per curiam) (enforcing global settlement). Further, we conclude the district court did not abuse its discretion in denying Johnson's motion to sanction the attorneys, because the court found they had acted in good faith, see Miller v. Bittner, 985 F.2d 935, 938-39 (8th Cir. 1993); or in refusing to reconsider its decision to enforce the settlement agreement and to dismiss the case, see Sheng, 117 F.3d at 1083. We decline to address Johnson's reply-brief argument, which rests on evidence not in the record before the district court. See

Mahaney v. Warren County, 206 F.3d 770, 772 n.2 (8th Cir. 2000) (per curiam) (claims raised for first time in reply brief are generally not considered); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (appellate court generally cannot consider evidence not contained in record below).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.