# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2845

_____

Jerri Nwachukwu,                          *
                                          *
                Appellant,                *
                                          *
Clint Potts; Lula Neguse,                 *
                                          *
                Plaintiffs,               *
                                          *   Appeal from the United States
        v.                                *   District Court for the Eastern
                                          *   District of Missouri.
St. Louis University,                     *
                                          *   **[UNPUBLISHED]**
                Appellee.                 *

_____

Submitted:  October 26, 2004
Filed:  November 4, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jerri Nwachukwu (Nwachukwu) appeals the district court's[1] order enforcing a settlement agreement following a hearing. Nwachukwu argued below and reiterates on appeal that the final settlement agreement prepared by counsel for the parties was materially different from the handwritten agreement she signed at the end of a

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

mediation, and she did not agree to the new terms. She also argues the district court erred in not allowing her to revoke the final agreement after concluding it was enforceable, because the agreement contained a clause allowing her to revoke the agreement within seven days of her signing it.

We review for clear error the district court's factual findings and de novo its interpretation of the settlement agreement. See Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 109 F.3d 514, 516 (8th Cir. 1997). We find no clear error in the court's determination that the final settlement agreement was not materially different from the handwritten agreement Nwachukwu signed. The final agreement gave Nwachukwu the same benefits as the handwritten agreement, and both agreements provided that she would resign and execute a release of all claims, even though the final agreement contained more expansive or additional clauses related to confidentiality, release of liability, disclaimer of fault, nondisparagement, and reinstatement or reemployment. Cf. Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 (8th Cir. 1997) (affirming district court's findings that deal did not hinge on particulars such as wording of clauses concerning confidentiality, disclaimers, and release of liability); Worthy v. McKesson Corp., 756 F.2d 1370, 1372-73 (8th Cir. 1985) (per curiam) (non-negotiated covenants in written settlement agreement that prohibited seeking reemployment and disclosing terms of settlement did not abrogate oral agreement to settle).

As to the seven-day revocation clause, its effect is not at issue in this appeal, because by the clause's plain language the revocation period did not begin to run until Nwachukwu signed the agreement, which she had not done at the time of the district court's determination. See In re Airline Ticket Comm'n Antitrust Litig., 268 F.3d 619, 623 (8th Cir. 2001); Keymer v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999).

Accordingly, we affirm.

_____