# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2516

_____

| | |
|---|---|
| Thomas L. Harris, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| R.I. Brownlee, Acting Secretary, | * Eastern District of Arkansas. |
| United States Department of the Army, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted:  December 11, 2006
Filed:  February 26, 2007

_____

Before LOKEN, Chief Judge, MURPHY, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Thomas Harris filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that his employer, the United States Army Corps of Engineers (Corps), discriminated against him because of his race.  The Corps and Harris agreed that they would settle the dispute by having an independent classifier review his employment grade level.  After the reviewer did not find fault with his classification, Harris filed this suit claiming that the review was inadequate and that

the Corps breached the settlement agreement. The district court[1] granted summary judgment to the Secretary of the Army, and Harris appeals. We affirm.

A.

Thomas Harris served as an accounting officer in the resource management department of the Corps' Little Rock office until his retirement in September 2004. Thomas McCrary, chief of the resource management office in Little Rock, recommended to the district commander in 1998 that Harris be reclassified from a GS-12 to a GS-13 level employee because of the assignment of additional duties. The human resources office for the southwestern division conducted a review of Harris' position the following year, but did not find ample justification for an upgrade of his position to GS-13.

After he received an annual performance rating of satisfactory instead of exceptional in 2001, Harris filed a discrimination complaint with the EEOC alleging that because of his race and protected conduct undertaken before the EEOC his annual performance rating had been downgraded and his position not upgraded to the GS-13 level. Instead of proceeding to investigate the complaint, the Corps entered into a Negotiated Settlement Agreement with Harris in November 2001 in which it agreed to an independent review of his position. The agreement required that the Corps and Harris agree on an independent classifier to "conduct a classification review ('desk' audit)" of Harris' position. As part of the desk audit, the classifier would be "instructed to consider the Position Descriptions of GS-12 and GS-13 Accounting Officer positions" from offices which had adopted standardized position descriptions originally created by the Fort Worth office. The agreement further required that the classifier "interview three Accounting Officers GS-12 and three Accounting Officers

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

GS-13" as part of the audit. The Corps agreed to pay Harris' attorney $1,000 for her "assistance on this case," and Harris waived "his right to pursue administrative or judicial action in any forum" concerning the matters raised in his complaint.

The parties agreed that Wayne Kessler, a classification specialist for a private contractor, would conduct the audit. Kessler met with Harris and McCrary in June 2002 and prepared his report that August. Kessler was not made aware of the terms of the settlement agreement. Although he reviewed position descriptions for accounting officers in the Fort Worth, Tulsa, Galveston, and Savannah districts, he did not conduct interviews with any other accounting officers. In his August report Kessler concluded that Harris' position should be classified at the GS-12 grade. He also created a revised position description which he felt more accurately described Harris' duties.

Harris filed a petition with the Corps alleging that it had failed to comply with the terms of the settlement agreement. The Army determined that the audit had substantially complied with the terms of the agreement and denied the petition. Harris appealed the agency's decision to the EEOC, which affirmed the decision of the Corps because the audit had "substantially complied with the settlement agreement."

B.

Harris brought this suit in September 2003. He claims under Title VII of the Civil Rights Act that he has been discriminated against on account of his race by the Corps and that he should be classified as a GS-13 grade employee. Along with an upgrade of classification level, he seeks equitable relief, damages for mental anguish, punitive damages, and attorney fees. He also claims that the Corps breached the settlement agreement and that his 2001complaint should be reinstated or in the alternative the court should order the Corps to comply with the terms of the agreement. The Corps responds that it did not discriminate against Harris and that it

did not breach the agreement. In the event that the court determines it did breach the agreement, the Corps asserts that it should not reach the merits of Harris' discrimination and retaliation claims because he has yet to exhaust his administrative remedies on those.

The parties filed a joint motion for stay of discovery and all other deadlines on May 19, 2005. The motion stated that "whether there is a material breach of the Negotiated Settlement Agreement is the threshold issue to be determined by the Court" and requested that all the deadlines be stayed pending a determination by the court of whether the Corps breached the agreement. The district court granted the motion and directed Harris to file a motion to enforce the settlement agreement to facilitate determination of the breach issue. The Corps responded to Harris' motion by arguing that he was not entitled to specific performance of the agreement and by filing a motion for summary judgment.

Earlier in 2005 the parties had deposed Kessler, the independent classifier. He testified that he had been asked to perform a position classification audit of Harris' position, in contrast to a consistency review which compares and classifies multiple positions. The audit resulted in Kessler's determination that Harris' position was properly classified as GS-12. In reaching this conclusion, Kessler testified that the position descriptions of other accounting officers at the GS-12 and GS-13 levels were of marginal value because there were no evaluative statements explaining why classifiers had graded those officers at the different levels. He also stated that interviews of other officers would not be relevant to a classification of Harris' performance and that he based his classification on the Office of Personnel Management standards. According to Kessler, he prepared a new position description for Harris after he met with him and his supervisor and Harris did not dispute the accuracy of the description.

The district court denied Harris' motion for specific performance of the agreement and granted summary judgment to the Corps on his contract claim. It concluded that it only had jurisdiction over that claim and noted that Harris had not exhausted administrative remedies regarding his discrimination and retaliation claims. It then dismissed the breach of contract claim, holding that Harris was not entitled to specific performance of the agreement or reinstatement of his complaint, the two forms of relief available to him on this claim. See 29 C.F.R. § 1614.504(a).

Harris appeals, arguing that the district court erred when it concluded that the government did not materially breach the terms of the settlement agreement and that we should either enforce the agreement or reinstate his complaint. We review a grant of summary judgment de novo, taking the evidence in the light most favorable to the non moving party. Larson v. Kempker, 414 F.3d 936, 939 (8th Cir. 2005).

C.

Harris argues that he did not receive the benefit of the bargain contemplated in the settlement agreement and that the Corps' failure to comply with all its terms constitutes a substantial and material breach of the agreement. As a result, he requests that we either order specific enforcement of the agreement or permit reinstatement of his original discrimination complaint. See 29 C.F.R. § 1614.504(a). The Corps asserts that it did not materially breach the settlement agreement and that Harris received the benefit of the bargain he made in the negotiated agreement. Moreover it argues, specific performance of the agreement would be impossible since it would violate the statutory requirement that employees be paid in conformance with standards published by the Office of Personnel Management and would also be impractical because Harris is now retired and his former supervisor is deceased.

A plaintiff alleging that the government failed to comply with the terms of a Title VII Negotiated Settlement Agreement can "request that the terms of the

settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated." 29 C.F.R. § 1614.504(a). Settlement agreements, including those entered into by the government, are viewed in light of governing contract principles,[2] Gilbert v. Monsanto Co., 216 F.3d 695, 700 (8th Cir. 2000); Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 (8th Cir. 1997), and a party is not entitled to rescission of a contract absent a material breach of the agreement. Vereen v. Hargrove, 96 S.W.3d 762, 765 (Ark. App. 2003). Harris is thus not entitled to rescission of the agreement and reinstatement of his complaint absent a material breach of the agreement by the Corps. Id. Whether a breach of contract is material is measured by examining the "extent to which the injured party will obtain the substantial benefit . . . reasonably anticipated." DHC Resort, LLC v. Razorback Entertm't Corp., 329 F.3d 974, 976 (8th Cir. 2003) (citing Restatement (Second) of Contracts § 241(a) (1981)); see also Vereen, 96 S.W.3d at 765.

Harris asserts that he did not receive the benefit he anticipated when he entered into the agreement because the independent classifier did not interview other accounting officers at the GS-12 and GS-13 levels and failed to consider the position descriptions prepared by the Fort Worth office. We disagree.

The Corps is required by law to assign Harris' class and grade "in conformance with standards published by the Office of Personnel Management," 5 U.S.C. § 5107, and the independent classifier determined that Harris was appropriately placed at the GS-12 level after performing a full desk audit, interviewing both Harris and his supervisor, and reviewing the Office of Personnel Management Standards. The undisputed evidence in the record establishes that the classifier considered position

---

[2]This Court has never determined whether federal or state law governs the enforcement of Title VII settlement agreements. See Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 n.1 (8th Cir. 1997). Since the parties do not dispute that the basic contract principles determinative in this case are the same under either Arkansas or federal law, we need not address this question. Id.

descriptions for other GS-12 and GS-13 accounting officer personnel which were based on the Office of Personnel Management Standards and that he prepared a revised position description for Harris based on his job duties. Although the Corps is permitted "when facts warrant" to "change a position which it has placed in a class or grade," id., Harris has provided no evidence from which a reasonable fact finder could conclude that the classifier erred when he determined that Harris was properly classified as a GS-12 level employee or that the classifier's recommendation would have changed if he had spoken with other accounting officers.

Based on the circumstances of this case and the independent review of Harris' position performed by the classifier, we conclude that Harris received the benefit of the bargain that he "reasonably expected," Restatement (Second) of Contracts, § 241(a) (1981), when he entered into the settlement agreement. The district court did not err when it determined that the Corps did not materially breach the agreement. Because Harris does not assert that he is entitled to relief absent a material breach of the agreement, we need not reach other issues raised by the parties.

Accordingly, the judgment of the district court is affirmed.

_____